## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| **ROBERT ERRATO,** ) <br> *Plaintiff* ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **BENDETT & MCHUGH PC AND BROCK &** ) <br> **SCOTT, and CITIZEN'S BANK** ) <br> *Defendants* ) <br> ) | **DOCKET NO. _____** <br><br> DEC 26 2023 PM12:13 <br> FILED-USDC-CT-NEW HAVEN <br><br> **COMPLAINT, DEMAND FOR** <br> **JURY TRIAL** |

### COMPLAINT

### THE PARTIES

1.      Plaintiff, Robert Errato ("Plaintiff"), is an individual with an address of 155

Chestnut Lane, Hamden, CT 06518 and is, thus, a resident of the District of Connecticut.

2.      Defendant, Bendett & McHugh PC ("Bendett & McHugh") is a law firm within

the State of Connecticut, with a principal place of business of 270 Farmington Avenue, Suite

151, Farmington, CT 06032.

3.      Defendant Brock & Scott, ("Brock & Scott"), is a law firm with offices located in

many locations in the United States with a principal place of business of 1315 Westbrook Plaza

Drive, Winston-Salem, NC 27103.

4.      Defendant, Citizen's Bank ("Citizen's Bank"), is a business with headquarters located at One Citizen's Plaza, Providence, RI 02903 and is, thus, a resident of the State of Rhode Island.

## JURISDICTION & VENUE

5.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1331, as this action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain  monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for violation of the FDCPA by Defendants.

6.      Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1391(b)(2), as all of the events giving rise to this suit occurred in this district.

## FACTUAL BACKGROUND

7.      Both Bendett & McHugh and Brock & Scott engage in the collection of debts either in a conspiracy with Citizen's Bank or by directly claiming they are the owners/holder/or have rights to the debt held by Citizen's Bank.  Citizen's Bank apparently sends their unpaid debts to both Bendett & McHugh and Brock & Scott for collection purposes or assigns their rights to such debt to these named debt collectors by endorsing, encouraging or turning a blind eye to the use of an action of foreclosure to collect the debt, in violation of Section(s) 804 and 805 (a) of the FDCPA by the named debt collectors.

8.      Plaintiff lives at the property located at 155 Chestnut Lane in Hamden, Connecticut (the "Property").

9.     In or about 2020, as a result of a divorce and the worldwide pandemic, Plaintiff fell behind on his mortgage payments.

10.     At that time, however, Plaintiff was working with representatives from Citizen's Bank to obtain a loan modification or some type of agreement to repair the situation.  Plaintiff contacted Citizen's Bank multiple times, seeking loss mitigation assistance.  Plaintiff sent all document requested by Citizen's Bank at least four times.  Each time, Citizen's Bank responded that it needed additional information.  Plaintiff called the Mitigation Assistance line provided, but never received a call back from Citizen's Bank or its representative.  Thus, Citizen's Bank had been aware of Plaintiff's situation and agreed to wait before filing a foreclosure action.  Citizen's Bank, however, did not abide by its word or seek to work this out with Plaintiff prior to filing suit and, thus, Plaintiff alleges that Citizen's Bank has unclean hands in this matter.

11.     During this time, both Bendett & McHugh and Brock & Scott sent Plaintiff a letter demanding payment on the loan and threatening legal action.

12.     At that time, Plaintiff sent a letter to both Bendett & McHugh and Brock & Scott, sending a copy to Citizen's Bank, in full conformity with the provisions of Public Laws 104-208,111-204 (the FDCPA).  Plaintiff demanded that both Bendett & McHugh and Brock & Scott cease contacting him and attempting to collect the debt.  In such letter, Plaintiff stated as such, as noted in Exhibit A.  See **Exhibit A**.

13.     Despite receiving such letter, both Bendett & McHugh and Brock & Scott never stopped contacting Plaintiff, never stopped the litigation and continued attempting to collect the debt.  On August 11, 2023 Brock & Scott filed an appearance in the case, either replacing Bendett & McHugh or joining them in the foreclosure action.

14.    On September 11, 2023 the Plaintiff sent a letter to Brock & Scott, demanding they cease contacting him and attempting to collect the debt, in full conformity with the FDCPA. See **Exhibit B**.

15.    Thus, even though Plaintiff had sent to both Bendett & McHugh and Brock & Scott a cease and desist letter, in full conformity with FDCPA, asking both Bendett & McHugh and Brock & Scott to stop contacting him, both Bendett & McHugh and Brock & Scott did not abide by such letters. Both Bendett & McHugh and Brock & Scott, as agents, claimed owners, or claimed owners of the rights to the debt originated by Citizen's Bank, continued to contact Plaintiff and continued to litigate the foreclosure action against Plaintiff in violation of Section 805 and Section 811(b) of the FDCPA. See 15 USC §1692i(b) ("Authorization of Actions: Nothing in this subchapter shall be construed to authorize the bring of legal action by debt collectors").

16.    Plaintiff alleges that continued contact and continuation of the foreclosure litigation even after receiving the cease and desist letter, sent in full conformity with the provisions the FDCPA, violates the FDCPA. Thus, Plaintiff now brings this suit, alleging damages pursuant to the FDCPA.

**COUNT ONE**
**Unlawful Communications Pursuant To The FDCPA**

17.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

18.    Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally. Section 805(a) states "**Communications with the consumer generally**: Without the prior consent of the consumer given directly to the debt collector or the

expressed permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of a debt…."  Both debt collectors failed to obtain consent of the consumer and/or failed to get the expressed permission of the court.

19.    Section 805(a)(1) specifically prohibits communications with a consumer in connection with the collection of any debt at a time or place know or which should be known to be inconvenient to the consumer.

20.    On numerous instances, in connection with the collection of debts, both Bendett & McHugh and Brock & Scott, working as an agent, claimed owner, or claimed owner of the rights to the debt and in a conspiracy with Citizen's Bank, directly or indirectly communicated with Plaintiff in connection with the attempted collection of a debt at a time or place known by Defendants, or which should have been known by Defendants, to be inconvenient to Plaintiff.

21.    The acts and practices by Defendants constitute violations of Section 805(a) of the FDCPA, 15 U.S.C. §1692c(a).

<u>**COUNT TWO**</u>
<u>**Unlawful Third-Party Communications Pursuant To The FDCPA**</u>

22.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

23.    Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(b) specifically prohibits communications about a debt with any person other than the consumer, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

5

24.     At various times, in connection with the collection of the debt, Defendants communicated with persons other than Plaintiff, a consumer reporting agency, the creditor, or their attorneys, without permission of the consumer, or as otherwise allowed by Section 804..

25.     The acts and practices by Defendants constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. §1692c(b).

### COUNT THREE
### Unlawful Failure To Cease Communication Pursuant To The FDCPA

26.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

27.     Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(c) specifically prohibits communications with a consumer with respect to a debt if the consumer has notified the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer except to advise the consumer that the debt collector's further efforts are being terminated, to notify the consumer that the debt collector or creditor may invoke specified remedies that are ordinarily invoked by such debt collector or creditor, or to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

28.     At many times, in connection with the collection of the debt, both Bendett & McHugh and Brock & Scott, as an agents, claimed owners, or claimed owners of the rights to the debt originated by Citizen's Bank or of Citizen's Bank, have communicated with Plaintiff with respect to his debt supposedly with Citizen's Bank after Plaintiff notified both Bendett & McHugh and Brock & Scott in writing that Plaintiff wishes for both Bendett & McHugh and Brock & Scott to cease further communication.  Such communications were not made to advise

6

Plaintiff that Defendants' further efforts were being terminated, to notify Plaintiff that

Defendants or creditors may invoke specified remedies that are ordinarily invoked, or to notify

Plaintiff that Defendants or creditors intended to invoke a specified remedy.

29.     The acts and practices by Defendants constitute violations of Section 805(c) of the

FDCPA, 15 U.S.C. §1692c(c).

**COUNT FOUR**
**Annoying, Abusive, or Harassing Telephone Calls Pursuant To The FDCPA**

30.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein

31.     Section 806 of the FDCPA, 15 U.S.C. §1692d, prohibits debt collectors from

engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any

person in connection with a debt.  Section 806(5) specifically prohibits debt collectors from

causing a telephone to ring or engaging any person in telephone or other electronic conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called

number.

32.     At many times, in connection with the collection of the debt, both Bendett &

McHugh and Brock & Scott, as an agents, claimed owners, or claimed owners of the rights to the

debt originated by Citizen's Bank or of Citizen's Bank, have engaged in conduct the natural

consequence of which is to harass, oppress, or abuse Plaintiff.

33.     At many times, in connection with the collection of the debt, both Bendett &

McHugh and Brock & Scott, as an agents, claimed owners, or claimed owners of the rights to the

debt originated by Citizen's Bank or of Citizen's Bank, directly or indirectly, have caused

telephones to ring or engaged Plaintiff in other electronic conversation repeatedly or

7

continuously with intent to annoy, abuse, or harass Plaintiff, and the natural consequence of such calls has been to harass, oppress, or abuse Plaintiff.

34.    The acts and practices by Defendants constitute violations of Section 806 of the FDCPA, 15 U.S.C. §1692d.

## COUNT FIVE
### Intentional Infliction Of Emotional Distress

35.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

36.    Both Bendett & McHugh and Brock & Scott, as an agent claimed owners, or claimed owners of the rights to the debt originated by Citizen's Bank or of Citizen's Bank, intended to inflict emotional distress, or they knew or should have known that emotional distress was a likely result of his conduct.

37.    In violating the FDCPA and consistently harassing Plaintiff, Defendants' conduct constituted extreme and outrageous behavior.

38.    Defendants' conduct in violating the FDCPA and harassing Plaintiff was the cause of the Plaintiff's emotional distress.

39.    The emotional distress sustained by the Plaintiff was severe. The Plaintiff, at the age of 73, was worried that he would be left without a safe place to live, sustained and continues to experience sleepless nights, panic attacks, heart palpitations and personal embarrassment among family and friends.

## COUNT SIX
### Intentional Misrepresentation

40.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

8

41.    Both Bendett & McHugh and Brock & Scott, as an agents, claimed owners, or claimed owners of the rights to the debt originated by Citizen's Bank, made false representations as a statement of fact related to the accuracy of the appraisal of and the actual value of the property.  They further represented that the Plaintiff did not request court mediation when in fact the record shows he did make such request.

42.    Such statements were untrue and known to be untrue by both Bendett & McHugh and Brock & Scott, as an agents claimed owners, or claimed owners of the rights to the debt originated by Citizen's Bank or of Citizen's Bank.

43.    Such statements were made to induce the court to find a strict foreclosure against the Plaintiff's property and to act to continue to collect a debt.  Such statements were made to intimidate Plaintiff and take his property, attempting to make him fearful of both Bendett & McHugh and Brock & Scott, as an agents claimed owners, or claimed owners of the rights to the debt originated by Citizen's Bank or of Citizen's Bank.  Such statements were made to inhibit the mediation between Plaintiff and Citizen's Bank in trying to mediate the pending foreclosure.

44.    Plaintiff did so react to Defendants' actions, causing the foreclosure to proceed through to a judgment, which caused monetary damages as well as pain and suffering for Plaintiff.

### COUNT SEVEN
### Violation of the Connecticut Unfair Trade Practices Act

45.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

46.    Defendants violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a, *et seq.*

47.    The practices of the Defendants, in violating the FDCPA and harassing Plaintiff, offend public policy, as such policy has been established by the FDCPA and other established concepts of unfairness.

48.    Such practices by the Defendants are to be considered immoral, unethical, oppressive, and/or unscrupulous.

49.    Such practices that violate the FDCPA and constitute harassing behavior are made to cause substantial injury to consumers and to the Plaintiff in particular.

50.    Thus, Defendants have engaged in actual deceptive practices and/or practices that amount to a violation of public policy.

51.    Based upon Defendants' unfair trade practices, Plaintiff has been injured.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

1.    Enter judgment against Defendants and in favor of Plaintiff for each violation as alleged in this Complaint;

2.    Permanently enjoin Defendants from committing future violations of the FDCPA;

3.    Other additional injunctive relief as the Court may determine to be just and proper;

4.    Award of Monetary Damages and/or other monetary relief against Defendants;

5.    Impose civil monetary penalties pursuant to the FDCPA;

6.    Costs and Attorney's Fees; and

7.    Any such other and further relief as the Court deems just and proper.

DEFENDANT: ROBERT M. ERRATO

Dated: December 22, 2023

By: _____

Robert M. Errato
Pro Se

# EXHIBIT A

**Sent via Regular Mail**

November 14, 2022

Bendett & McHugh, PC
270 Farmington Ave., Suite 515
Farmington, CT 06492

Re: Reference number: 8000122823

1. You are hereby notified under provisions of **Public Laws 104-208**, also known as the ***Fair Debt Collection Practices Act***, that your services are no longer desired.

2. You and your organization must **CEASE & DESIST** all attempts to collect the above debt. Failure to comply with this law will result in my immediately filing a complaint with the Federal Trade Commission and the Connecticut Attorney General's office. I will pursue all criminal and civil claims against your company.

3. Let this letter also serve as your warning that I may utilize telephone-recording devices in order to document any telephone conversations that we may have in the future.

4. Furthermore, if any negative information is placed on my credit bureau reports by your agency after receipt of this notice, this will cause me to file suit against you and your organization, both personally and corporately, to seek any and all legal remedies available to me by law.

5. Since it is my policy neither to recognize nor deal with collection agencies, I will settle this account with the original creditor.

Give this matter the attention it deserves!

Thanks You,


Robert M. Errato
155 Chestnut Lane
Hamden, CT 06518

# EXHIBIT B

**Sent via Regular Mail & Certified Mail**

September 11, 2023

BROCK AND SCOTT PLLC
1080 Main Street Suite 200
Pawtucket, RI 02860


Re: Citizen's Bank Foreclosure 155 Chestnut Lane Hamden, CT

1. You are hereby notified under provisions of **Public Laws 104-208,111-204** also known as the ***Fair Debt Collection Practices Act***, that your services are no longer desired.

2. You and your organization must **CEASE & DESIST** all attempts to collect the above debt. Failure to comply with this law will result in my immediately filing a complaint with the Federal Trade Commission and the Connecticut Attorney General's office. I will pursue all criminal and civil claims against your company.

3. Let this letter also serve as your warning that I may utilize telephone-recording devices in order to document any telephone conversations that we may have in the future.

4. Furthermore, if any negative information is placed on my credit bureau reports by your agency after receipt of this notice, this will cause me to file suit against you and your organization, both personally and corporately, to seek any and all legal remedies available to me by law.

5. Since it is my policy neither to recognize nor deal with collection agencies, I will settle this account with the original creditor.

Give this matter the attention it deserves!

Thanks You,


Robert M. Errato
155 Chestnut Lane
Hamden, CT 06518