**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT M. ERRATO, | ) | |
| *Plaintiff*, | ) | |
| | ) | 3:23-cv-1674 (OAW) |
| v. | ) | |
| | ) | |
| BENDETT & MCHUGH, PC, | ) | |
| BROCK & SCOTT, and | ) | |
| CITIZENS BANK, N.A., | ) | |
| *Defendants*. | ) | |

<u>**RULING ON MOTIONS TO DISMISS**</u>

Self-represented plaintiff Robert Errato brings this action for claims arising out of the foreclosure of his home.  Am. Compl. ¶¶ 7–8, ECF No. 20.  He alleges that Bendett & McHugh, PC and Brock & Scott (together the "Brock Defendants") and Citizens Bank (collectively the "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. Ann. § 42–110a et seq., and committed intentional infliction of emotional distress and intentional misrepresentation.  The Brock Defendants and Citizens Bank filed separate motions to dismiss, ECF Nos. 28, 29, seeking to dismiss all claims against them under Fed. R. Civ. Pro. 12(b)(1), for lack of subject matter jurisdiction, and Fed. R. Civ. Pro. 12(b)(6), for failure to state a claim upon which relief may be granted.  The court has reviewed the motions, Plaintiff's objections, ECF Nos. 32, 33, Defendants' replies thereto, ECF Nos. 34, 35, and the record in this case.  For the reasons discussed herein, the Brock Defendants' Motion to Dismiss is **<u>GRANTED IN PART</u>** and is **<u>DENIED IN PART</u>**, and Citizens Bank's Motion to Dismiss is **<u>GRANTED</u>**.

I.    **BACKGROUND**

The following facts are taken from the amended complaint and public records that are integral to the underlying facts of the complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[W]here public records that are integral to a . . . complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records.").  These facts are accepted as true for the purpose of this motion.

Plaintiff had a mortgage loan agreement with Citizens Bank for his home, located at 155 Chestnut Lane, Hamden, Connecticut (the "Hamden Property").  Am. Compl. ¶¶ 1, 10.  In or around 2020, Plaintiff "fell behind on his mortgage payments."  *Id.* ¶ 9.  Thereafter, he "[worked] with representatives from [Citizens Bank] to obtain a loan modification or some type of agreement to repair the situation."  *Id.* ¶ 10.  Notwithstanding Plaintiff's efforts to secure mitigation assistance, Citizens Bank initiated foreclosure proceedings against him.  *See id.*

Thereafter, Plaintiff received letters from the Brock Defendants seeking payment on the loan.  *Id.* ¶¶ 7, 11.  On November 14, 2022, Plaintiff sent a letter back to them "in full conformity with [the FDCPA]" demanding they "cease contacting him and attempting to collect the debt."  *Id.* ¶ 12; *see* Ex. A, ECF No. 20.  A copy of this letter was sent to Citizens Bank as well.  Am. Compl. ¶ 12.  Additionally, he sent a second letter on or around September 11, 2023, to Brock & Scott.  *Id.* ¶ 14.  Thereafter, Bendett & McHugh and Brock & Scott "continued to contact Plaintiff and continued to litigate the foreclosure action against Plaintiff."  *Id.* ¶ 15.

The Connecticut Judicial Branch website reveals that Citizens Bank initiated foreclosure proceedings on the Hamden Property on February 21, 2023.  *See Citizens*

*Bank, N.A. v. Errato et al*, New Haven Judicial District, Docket No. NNH-CV23-6130431-S (Conn. Super. Ct. Feb. 21, 2023).  On October 16, 2023, the Superior Court issued a judgment of foreclosure in Citizens Bank's favor.  *Id.* at Docket No. 124.

After the foreclosure judgment was issued, Plaintiff received a letter from Citizens Bank described as "legally required notice" informing him of options available to avoid strict foreclosure.  Am. Compl. ¶ 17.  The letter and accompanying documents described options that "were never presented to" Plaintiff prior to the foreclosure judgment.  *Id.* ¶¶ 17–18.  The letter was dated December 29, 2023, and was postmarked on January 5, 2024.  Ex. C, ECF No. 20.  Additionally, in February 2024, Plaintiff received letters from Citizens Bank indicating a representative from the bank would contact Plaintiff to discuss his "request for information regarding Foreclosure Prevention[] options."  *Id.* ¶ 21–22.

Plaintiff initiated this action on December 26, 2023, and filed an amended complaint as of right February 26, 2024.  *See* Compl., ECF No. 1; Am. Compl.  Plaintiff claims that Defendants violated the FDCPA and CUTPA and committed intentional infliction of emotional distress and intentional misrepresentation.  Am. Compl. Count One–Count Seven.  He seeks injunctive relief and damages.  *Id.* at 15.

Responding to the amended complaint, the Brock Defendants and Citizens Bank filed motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  Mem. of Law in Support of Brock Defs.' Mot. to Dismiss the Am. Compl., ECF No. 28-1 ("Brock Defs. Mot."); Def. Citizens Bank, N.A.'s Mem. of Law in Support of its Mot. to Dismiss Am. Compl., ECF No. 29-1 ("Bank Mot.").  Plaintiff has since moved to amend his complaint three times to add claims to his pleading.  *See* ECF Nos. 36, 40, 44.

## II.  <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

A complaint "does not need detailed factual allegations" to survive a 12(b)(6) motion to dismiss, however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration and quotation marks omitted).  Further, when reviewing a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor.  *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (internal citations omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, a plaintiff must prove "by a preponderance of the evidence that [subject matter jurisdiction] exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  If a district court lacks statutory or constitutional authority to adjudicate a case, the case must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  *Id.*

Finally, when a plaintiff is proceeding pro se, the district court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'"  *Vargas-Crispin v. Zenk*, 376 F. Supp. 2d 301, 303 (E.D.N.Y. 2005)

(quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999)).  Nonetheless, pro se plaintiffs still must satisfy relevant rules of procedural and substantive law. *See id.*

## III.  DISCUSSION

### A.  FDCPA

Plaintiff alleges that the defendants violated the FDCPA by (1) failing to get prior consent to contact him under 15 U.S.C. § 1692c, (2) unlawfully communicating about his debt with third parties under 15 U.S.C. § 1692c, (3) failing to cease communications with him under 15 U.S.C. § 1692c, and (4) engaging in conduct the natural consequence of which is to harass, oppress, and abuse under 15 U.S.C. §1692d.

#### 1.  *Application of FDCPA to Foreclosure Proceedings*

As a preliminary matter, the Brock Defendants argue that the FDCPA does not apply to foreclosure proceedings, therefore Count One through Count Four must be dismissed.  Brock Defs. Mot. at 7.  The court disagrees.

The United States Court of Appeals for the Second Circuit has rejected the argument that a foreclosure "falls outside the scope of the FDCPA."  *Smith v. Bendett & McHugh, P.C.*, No. 3:22-CV-239 (JAM), 2023 WL 372784, at *6 (D. Conn. Jan. 23, 2023). In *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018), the Second Circuit concluded that a mortgage for a personal residence qualifies as a debt under the FDCPA, therefore, judicial foreclosure proceedings fall within the statute's purview. *Cohen*, 897 F.3d at 82–84; *see also Johnson-Gellineau v. Steine & Assocs., P.C.*, No. 16-CV-9945 (KMK), 2019 WL 2647598, at *10 (S.D.N.Y. June 27, 2019), *aff'd sub nom. Johnson-Gellineau v. Stiene & Assocs.*, P.C., 837 F. App'x 8 (2d Cir. 2020) ("[I]t is now

settled in this Circuit that judicial foreclosure proceedings are within the purview of the FDCPA.").

The Hamden Property is Plaintiff's personal residence, *see* Am. Compl. ¶ 8, therefore his claims fall within the purview of the FDCPA.

### 2. *FDCPA Claims against Citizens Bank*

Citizens Bank argues that Plaintiff's claims against it under the FDCPA must be dismissed because it is not a "debt collector." Bank Mot. at 5. The court agrees.

The FDCPA only applies to "debt collectors," which the statute defines as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Citizens Bank is a creditor—not a debt collector—within the meaning of the statute because it seeks to collect on its own debt owed by Plaintiff through the mortgage loan agreement. *See* Am. Compl. ¶ 7 (referring to "the debt held by Citizens Bank"). "As a general matter, creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Servs.*, Inc., 147 F.3d 232, 235 (2d Cir. 1998).

Even though Citizens Bank is a creditor and not a debt collector, Plaintiff argues that the court should hold it vicariously liable under the FDCPA for the Brock Defendants' actions. The court disagrees. Plaintiff invokes caselaw that supports the conclusion that debt collectors—not creditors—may be held vicariously liable under the FDCPA. *See* Pl.'s Obj. to Mot. to Dismiss Filed by Def. Citizens Bank 5–6, ECF No. 33 ("Obj. to Bank"). (citing *Meola v. Asset Recovery Sols.*, LLC, No. 17-CV-01017, 2018

WL 5020171, at *4 (E.D.N.Y. Aug. 15, 2018), *report and recommendation adopted*, No. 17CV1017MKBRER, 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018)).

Notwithstanding the insufficiency of his legal argument, Plaintiff asks the court to apply the FDCPA to Citizens Bank because the "legislative intent" of the FDCPA supports doing so.  *See* Obj. to Bank at 5–7.  He argues that the FDCPA was intended by Congress to "eliminate abusive debt collection practices by debt collectors" and must be liberally construed.  *See id.* at 6.  He seemingly ignores the statutory definition of a "debt collector," and goes on to assert that "[a]ll Defendants in this action are in the business of collecting debts," and therefore should be subject to the FDCPA.  *See id.* The court disagrees.  Congress explicitly defined both "debt collector" and "creditor" in the text of the statute, and affirmatively excluded creditors from liability, therefore the court finds that the legislative intent behind the FDCPA is to exclude creditors like Citizens Bank from its purview.  15 U.S.C.A. § 1692a(6)(F).[1]

Accordingly, Count One, Count Two, Count Three, and Count Four are dismissed against Citizens Bank.

### 3. *15 USC Section 1692c(a)(1)*

Section 1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of a debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

---

[1] The court notes that there is an exception to this rule.  A creditor may be held liable under the FDCPA if "in the process of collecting his own debts, [the creditor] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C.A. § 1692a(6). Plaintiff has not alleged any facts to support that Citizens Bank engaged in such activity, therefore the court's conclusion is unchanged.

Plaintiff alleges that the Brock Defendants violated this provision, Am. Compl. ¶ 33, but there is no factual content in his pleading to support this claim. He only claims that "Bendett & McHugh and Brock & Scott sent Plaintiff a letter demanding payment on the loan and threatening legal action," and that after he sent a "cease and desist" letter to the defendants, they "never stopped contacting Plaintiff, never stopped the litigation and continued attempting to collect the debt." Am. Compl. ¶¶ 11–15. Plaintiff does not plead any facts supporting the conclusion that they communicated with Plaintiff at an "unusual time or place" or at a time or place "which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

As Plaintiff does not allege facts suggesting that the Brock Defendants communicated with him in a manner prohibited by 15 U.S.C. § 1692c(a)(1), this count must be dismissed.

### 4. *15 USC Section 1692c(b)*

Under the FDCPA, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C.A. § 1692c(b).

Plaintiff alleges that the Brock Defendants violated this provision, but he does not provide any support that they improperly communicated with third parties about his debt. The only factual support Plaintiff provides is that in February 2024, he was approached by a real estate agent that said "[the agent] was in direct communication with" the Brock Defendants. *See* Am. Compl. ¶¶ 24, 38. This alone does not support the Section 1692c(b) claim because by February 2024, the Connecticut Superior Court had issued a

judgment of foreclosure in Citizens Bank's favor, as well as an Execution of Ejectment. *Citizens Bank, N.A. v. Errato et al*, New Haven Judicial District, Docket No. NNH-CV23-6130431-S, Docket Entry Nos. 124, 145 (Conn. Super. Ct. Feb. 21, 2023). While lawyers who collect consumer debts through litigation may be held liable under the FDCPA, "communications made in the context of foreclosure proceedings that would otherwise violate § 1692c if made to a third party do not run afoul of the FDCPA." *Johnson-Gellineau*, 2019 WL 2647598, at *11 (citing cases).   Here, the court finds that communications with a real estate agent were permissible because they were pursuant to the "express permission of a court of competent jurisdiction."  15 U.S.C.A. § 1692c (b).

Thus, Count Two must be dismissed against the Brock Defendants.

### 5. *15 USC Section 1692c(c)*

Under 15 U.S.C. § 1692c(c), "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."   15 U.S.C. § 1692c(c). Nevertheless, Section 1692c(c) does not prohibit communications that "notify the consumer that the debt collector or creditor" will invoke a specified remedy such as filing a lawsuit or a motion for summary judgment.  *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).

Plaintiff alleges that he sent a "cease and desist" letter to the Brock Defendants demanding they stop contacting him and attempting to collect the mortgage payments he owed.  Am. Compl. ¶¶ 12–13, 15.  Nonetheless he claims they "never stopped contacting [him], never stopped the litigation and continued attempting to collect the debt."  *Id.* ¶ 13.

Whether or not the Brock Defendants violated Section 1692c(c) depends upon what type of communications Plaintiff received after he sent the "cease and desist" letter. The Brock Defendants were not obligated to "stop[] the litigation" against Plaintiff or to stop communications inherent to the foreclosure action.  Section 1692c(c) does not empower "a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." *Heintz*, 514 U.S. at 296.  However, if the Brock Defendants' continued communications were not "inherent in an ordinary lawsuit" or if they were unrelated to "invok[ing] a specified remedy," then Plaintiff has a valid claim.

Drawing all reasonable inferences in the non-movant's favor, Plaintiff alleges a plausible Section 1692c(c) claim.  He alleges that the Brock Defendants continued to send him communications related to debt collection after he sent a letter demanding they cease contact.[2] Am. Compl. ¶¶ 12–13.  While the defendants' communications about the foreclosure litigation do not raise a cognizable claim, it is plausible that Plaintiff received debt collection communications unrelated to the state foreclosure proceedings that violate Section 1692c(c).

Accordingly, the court denies the motion to dismiss as to Count Three against the Brock Defendants.

### 6.  *15 USC Section 1692d*

Under 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  The statute prohibits, for example, the "use or threat of use

---

[2] Plaintiff did not provide the court with exhibits of the communications in question.

of violence," the use of "obscene or profane language," or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass."   15 U.S.C. §§ 1692d(1)–(5).

Plaintiff argues that the Brock Defendants violated Section 1692d by "caus[ing] telephones to ring or engag[ing] Plaintiff in other electronic conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff, and the natural consequence of such calls has been to harass, oppress, or abuse Plaintiff."  Am. Compl. ¶ 49.  But he does not support this assertion with any factual allegations.   He claims that the Brock Defendants "sent Plaintiff a letter demanding payment on the loan and threatening legal action," *id.* ¶ 11, that after he sent cease and desist letters, the defendants "did not abide by such letters," *id.* ¶ 15, and that they "never stopped contacting" him or "attempting to collect the debt," *id.* ¶ 13.   He does not point to any specific communications from Defendants which were intended to harass, oppress, or abuse.

Plaintiff's allegations are bare recitals of the elements of Section 1692d.  They do not present a plausible claim under Section 1692d, therefore, Count Four is dismissed against the Brock Defendants.

### B.  Intentional Infliction of Emotional Distress

Plaintiff also claims that Defendants committed intention infliction of emotional distress by "violating the FDCPA and consistently harassing" him.  Am. Compl. ¶ 54–56.

To prevail on a claim of intentional infliction of emotional distress, Plaintiff must demonstrate: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause

of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210 (2000) (internal citation omitted).

Liability for intentional infliction of emotional distress requires the court to find that the actor's conduct "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 210–11; *see also Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443 (2003).  Here, Plaintiff argues that the following actions constitute outrageous conduct: repeatedly mailing letters demanding payment and threatening legal action, continuing to prosecute the foreclosure action, reporting negatively to credit bureaus, and misstating costs related to the disclosure action.  Am. Compl. ¶ 11–13, 20, 23.  The court disagrees.

"The standard in Connecticut to demonstrate extreme and outrageous conduct is stringent." *Huff v. W. Haven Bd. of Educ.*, 10 F. Supp. 2d 117, 122 (D. Conn. 1998). Even though Defendants' actions threatened to dispossess Plaintiff of his home, their actions were "not so atrocious as to subject [them] to liability for intentional infliction of emotional distress." *See Vaccaro v. U.S. Bank, N.A.*, No. CV146050373S, 2016 WL 8488123, at *7 (Conn. Super. Ct. Nov. 8, 2016) (finding that bringing a "foreclosure action without verifying the status of the note or ensuring all the necessary paperwork was in order . . .  may have been a lapse in good judgment or care" but was not extreme and outrageous conduct).

Plaintiff argues that "reasonable minds may disagree" about whether this conduct was extreme and outrageous.  Obj. to Mot. to Dismiss Filed by Defs. Bendett & McHugh

and Brock & Scott 16, ECF No. 32 ("Obj. to Brock Defs.").  Again, the court disagrees. Given the stringent standard, Plaintiff has not presented any facts that would lead a jury or a court to reasonably conclude Defendants engaged in extreme and outrageous conduct.

Plaintiff does not state a plausible claim for intentional infliction of emotional distress, therefore Count Five must be dismissed against all defendants.

### C. **CUTPA**

Plaintiff claims that the defendants violated CUTPA by "violating the FDCPA and harassing Plaintiff."  Am. Compl. ¶ 66.  The court will interpret the complaint to raise the strongest arguments that the allegations suggest, including allegations independent of the FDCPA claims.

Under CUTPA, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. 42–110b(a).  To present a valid claim under CUTPA, Plaintiff must plead: "(1) the defendant was acting in trade or commerce; (2) that the defendant engaged in unfair or deceptive acts; and (3) that such unfair or deceptive acts cause the plaintiff to suffer an ascertainable loss." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 275 (D. Conn. 2017).  Here, Plaintiff does not state a CUTPA claim upon which relief may be granted.

First, the only surviving FDCPA claim is Count Three against the Brock Defendants, which alleges that they unlawfully communicated with Plaintiff about debt collection after Plaintiff instructed them to cease further communications.  Am. Compl. ¶ 43.  But Plaintiff does not demonstrate that he suffered an ascertainable loss caused by the Brock Defendants' communications.   He argues that the Brock Defendants'

"harassing behavior" caused "a judgment of strict foreclosure" against him in state court. Am. Compl. ¶¶ 68–70.  While the foreclosure judgment is certainly an "ascertainable loss," the Brock Defendants alleged debt collection communications were not the "proximate cause" thereof.  *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 287 Conn. 208, 218 (2008).  "The question to be asked in ascertaining whether proximate cause exists is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's act."  *Id.* (quoting *Abrahams v. Young & Rubicam, Inc.*, 240 Conn. 300, 306 (1997)).  Here, a foreclosure judgment is not a foreseeable risk "created by" sending debt collection communications.  *Id.*  Rather, failing to pay one's mortgage creates a foreseeable risk of foreclosure.  And while foreclosure might in many cases follow debt collection communications, correlation is not the same as causation.

Second, after considering whether the allegation that Citizens Bank failed to timely provide loss mitigation information to Plaintiff constitutes a CUTPA claim, the court finds that such a claim would be barred by the Rooker-Feldman doctrine.  Plaintiff alleges that on or around January 5, 2024, he received mail from Citizens Bank providing him with options such as "repayment, forbearance, loan modification, short sale, or deed in lieu of foreclosure."  Am. Compl. ¶ 18.  He claims that he was not presented with these options before the bank pursued foreclosure, and had he been informed of these options, he "would have taken advantage of the opportunities."  *Id.*

"The Rooker–Feldman doctrine provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts."  *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010) (internal citations omitted).  This extends to foreclosure actions.  The "Second Circuit has held that district

courts lack jurisdiction over completed foreclosure actions, as well as collateral attacks upon them." *U.S. Bank, Nat'l Ass'n as Tr. for Bear Stearns Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-CV-1710 (CSH), 2019 WL 2185725, at *6 (D. Conn. Mar. 26, 2019).

Here, the Rooker-Feldman doctrine bars Plaintiff's claim that Citizens Bank violated CUTPA by failing to provide loss mitigation options before foreclosure proceedings.  Plaintiff complains that Citizens Bank "depriv[ed]" him "of the ability to avoid foreclosure," Am. Compl. ¶ 19, but a federal court "lacks jurisdiction over a plaintiff's allegation that a foreclosure was improperly obtained or that it was entered in error." *Profeta*, 2019 WL 2185725, at *6.  A CUTPA claim would amount to a collateral attack on the foreclosure judgment, and "it is well settled that judgments of foreclosure ... are fundamentally matters of state law."  *Id.* (quoting *Muong v. Fed. Nat'l Mortg. Ass'n*, No. 1:13-cv-06564 (KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013)).  Accordingly, the court lacks subject matter jurisdiction over this claim.

In light of the foregoing, Count Seven is dismissed against all Defendants.

### D.  Intentional Misrepresentation

To prevail on a claim for intentional misrepresentation, Plaintiff must allege: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury."  *Hunte v. Abbott Lab'ys, Inc.*, 556 F. Supp. 3d 70, 90 (D. Conn. 2021) (citations omitted).

Here, Plaintiff argues that the Brock Defendants "made false representations" about the actual value of the Hamden Property "to induce the court" to enter a foreclosure

judgment.  Am. Comp. ¶¶ 59–61.  Further, he claims that Citizens Bank is vicariously liable for the intentional misrepresentation allegedly committed by the Brock Defendants. *Id.* ¶ 63.

This count is barred by the Rooker-Feldman doctrine.  The foreclosure was fully adjudicated in state court, but Plaintiff asks this court to implicitly review the state court proceeding by determining whether the Brock Defendants made false statements to induce the foreclosure judgment.  *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 514 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016) ("In the particular context of state court judgments of foreclosure, 'Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine.'" (internal citations omitted)).  He has effectively "invit[ed] district court review and rejection" of the state court foreclosure judgment, therefore, Count Six is dismissed against all Defendants.  *Morrison*, 591 F.3d at 112 (internal citations omitted).

### E. <u>Leave to Amend</u>

A party may amend its pleading once as a matter of right twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)."  Fed. R. Civ. Pro. 12(a).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.*

Leave to amend may be denied "[w]here it appears that granting leave to amend is unlikely to be productive," or where "the proposed amendment is futile."  *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (internal citations omitted);

*see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment").

Here, Plaintiff amended his complaint once as a matter of right on February 26, 2024.  *See* Am. Compl.  He has since moved to amend his complaint three more times to add claims to his pleading, including counts of fraud, predatory lending, abuse of process, breach of contract, and breach of fiduciary duty.  *See* ECF Nos. 36, 40, 44.  Plaintiff's amendments are futile, however, because his proposed claims would not withstand a motion to dismiss pursuant to Federal Rule 12(b)(6).  *Lucente*, 310 F.3d at 258 ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").  Plaintiff's allegations do not provide a basis on which the court may draw a "reasonable inference," that the defendants committed fraud, predatory lending, abuse of process, breach of contract, and breach of fiduciary duty.  *Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff's motions to amend are dismissed.


IV.   **CONCLUSION**

For the reasons discussed herein, it is **ORDERED:**

1.   The Brock Defendants' Motion to Dismiss (ECF No. 28) is **GRANTED IN PART** and is **DENIED IN PART.**

      a.   The Motion is granted with respect to Count One, Count Two, Count Four, Count Five, Count Six, and Count Seven against the Brock Defendants.

    b.  The Motion is denied with respect to Count Three against the Brock Defendants.

2. Citizens Bank's Motion to Dismiss (ECF No. 29) is **GRANTED.**

3. Citizens Bank's Motion to Dismiss (ECF No. 16) is **DENIED as MOOT.**

4. Plaintiff's Motions to Amend Complaint (ECF Nos. 36, 40, 44) are **DENIED.**

 

**IT IS SO ORDERED** in Hartford, Connecticut, this 21st day of May, 2025.

_____/s/_____

OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE